IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TOBIAS JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:22-CV-230-WHA-KFP |
| RUSSELL COUNTY JAIL, et al., | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Tobias Jackson filed this 42 U.S.C. § 1983 Complaint on April 29, 2022, while incarcerated at the Russell County Jail in Phenix City, Alabama.[1] After finding deficiencies in the Complaint, the Court determined that Plaintiff should be given an opportunity to correct the deficiencies. On May 23, 2022, the Court entered an Order explaining the Complaint's deficiencies and providing Plaintiff with specific instructions on filing of an amended complaint by June 13, 2022. Doc. 7. Plaintiff was cautioned that his failure to comply with the Order would result in a recommendation that this case be dismissed. Doc. 7 at 3. To date Plaintiff has not filed an amended complaint or otherwise complied with the Court's Order.

Because of Plaintiff's failure to comply, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)

---

[1] Since filing this action, Plaintiff was transferred to a state penal facility. Doc. 6. Because the Order of May 23, 2022, requiring Plaintiff file an amended complaint was entered the same day the Court received Plaintiff's notice of change of address, a copy of the Order was remailed to Plaintiff on May 31, 2022, at his most recent address of record (*see* Docket Entry of May 31, 2022).

(stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that by **July 20, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of July, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE